# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EXPRESS SCRIPTS, INC., ) | |
| Plaintiff, ) | |
| v. ) | No. 4:06-CV-1410 CAS |
| AEGON DIRECT MARKETING ) | |
| SERVICES, INC., ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Express Scripts, Inc.'s ("ESI") Motion to Stay the Scheduling Conference and Discovery Pending Resolution of Defendant's Appeal, and Motion to Stay Any Obligation to Answer and/or Otherwise Respond to Defendant's Answer, Affirmative Defense and Counterclaim. Defendant Aegon Direct Marketing, Inc. ("Aegon") opposes the motions. Aegon urges the Court to allow limited discovery and require ESI to respond to Aegon's answer and counterclaim , contending that such discovery will eliminate or minimize the discovery needed before either the arbitrators or this Court and will further the interests of the parties.

On March 1, 2007, this Court denied defendant Aegon's motion to dismiss or in the alternative to stay the action, and ruled that in this case the gateway question of arbitrability is for the Court to decide, rather than the arbitrators. On March 8, 2007, Aegon filed a notice of appeal seeking review of this Court's March 1, 2007 Order by the United States Court of Appeals for the Eighth Circuit. Section 16 of the Federal Arbitration Act ("FAA") grants a party the right to immediately file an interlocutory appeal from the denial of a motion to compel arbitration. See 9 U.S.C. § 16(a)(1)(A).

The Court asked Aegon to address the issue whether this Court retains jurisdiction during the interlocutory appeal such that it may authorize discovery to take place. The parties appear to agree that the Eighth Circuit has not definitively ruled whether an appeal from a denial of a motion to stay pending arbitration divests the district court of jurisdiction. In Ritzel Communications, Inc.

v. Mid-American Cellular Telephone Co., 989 F2d 966 (8th Cir. 1993), the parties continued to litigate a case in the district court after third-party defendants filed an interlocutory appeal of the district court's denial of their motion to stay and to compel arbitration. Id. at 968. The third-party defendants did not ask the Eighth Circuit to expedite the appeal or to stay the proceedings in the district court. Id. Ultimately, the Eighth Circuit decided that the third-party defendants had waived their arbitration rights, in part by proceeding to trial in the district court . Id. The Eighth Circuit did not, however, address the issue of the district court's jurisdiction. Consequently, the Court does not rely on Ritzel as authority that a notice of appeal under § 16 of the FAA does not divest the district court of jurisdiction to proceed with a case pending appeal, as issue was apparently not raised before the Eighth Circuit, that Court did not have the benefit of briefing on the issue, and did not address the issue.

The majority of the other circuit courts of appeal to consider the issue have ruled that a notice of appeal under § 16 of the FAA divests the district court of jurisdiction to proceed with the case pending appeal. See McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1160 (10th Cir. 2005) (district court does not retain jurisdiction); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251-52 (11th Cir. 2004) (same); Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 506 (7th Cir. 1997) (same); but see Motorola Credit Corp. v. Uzan, 388 F.3d 39, 54 (2d Cir. 2004) (district court retained jurisdiction) cert. denied, 544 U.S. 1044 (2005); Britton v. Co-Op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990) (same).

The Supreme Court has articulated the basic principle that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The Eighth Circuit has often cited this principle with approval. See, e.g., Ahlberg v. Chrysler Corp., __ F.3d __, 2007 WL 913816, *7 (8th Cir. Mar. 28, 2007) (citing Griggs); State ex rel. Nixon v. Coeur D'Alene Tribe,

164 F.3d 1102, 1106 (8th Cir.) (same), cert. denied, 527 U.S. 1039 (1999). The application of this principle "provides a bright-line jurisdictional rule to prevent duplicative waste of resources, to reduce uncertainty and unnecessary litigation and to avoid inconsistent determinations" in multiple fora. ESI's Reply at 3-4, citing McCauley, 413 F.3d at 1162.

The principle is not absolute, however, and there are situations in which it does not apply. See Coeur D'Alene Tribe, 164 F.3d at 1106. The jurisdictional transfer principle does not divest a district court of all jurisdiction, but rather only of jurisdiction over the matters appealed. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). A district court retains jurisdiction to adjudicate matters which are collateral or tangential to the appeal. See Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996) ("where the issue of attorney fees is not before the court of appeals . . . the district court may consider it"); Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998) (district court retains jurisdiction to impose sanctions where that issue is not before the court of appeals), cert. denied, 525 U.S. 1070 (1999).

In the context of an appeal from an order denying a motion to compel arbitration, the Eleventh Circuit has explained why the general rule of jurisdictional transfer should apply: "The only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court." Blinco, 366 F.3d at 1351. "The issue of continued litigation in the district court is not collateral to the question presented by an appeal under § 16(a)(1)(A); 'it is the mirror image of the question presented on appeal.'" Id. (quoting Bradford-Scott, 128 F.3d at 505).

The Seventh Circuit has reasoned that the benefits of arbitration are put at risk and may be lost by the exercise of concurrent district and appellate jurisdiction when an appeal is taken from an order denying a motion to compel arbitration:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced.

3

> Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

Bradford-Scott, 128 F.3d at 506.

The Court agrees with the reasoning of the Seventh and Eleventh Circuit and concludes the better rule is that a notice of appeal under § 16 of the FAA divests the district court of jurisdiction to proceed with the case pending appeal.

Even if the Court does retain jurisdiction during the pendency of the interlocutory appeal, it declines to exercise that jurisdiction, as it concludes that a stay of the proceedings is in the interests of justice and judicial economy in order to prevent waste of resources, avoid inconsistent rulings, and reduce uncertainty. The Court rejects Aegon's suggestion that discovery be conducted in this Court under the American Arbitration Association's rules. At this point, allowing discovery to proceed before the Eighth Circuit has ruled on Aegon's pending appeal could be a fruitless effort and a complete waste of this Court's and the parties' time and resources in the event Aegon prevails on appeal. As such, it is appropriate for this Court to stay all proceedings in this case pending resolution of Aegon's appeal to the Eighth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Express Scripts, Inc.'s Motion to Stay the Scheduling Conference and Discovery Pending Resolution of Defendant's Appeal is **GRANTED**. [Doc. 26]

**IT IS FURTHER ORDERED** that plaintiff Express Scripts, Inc.'s Motion to Stay Any Obligation to Answer and/or Otherwise Respond to Defendant's Answer, Affirmative Defense and Counterclaim is **GRANTED**. [Doc. 28]

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the United States Court of Appeals for the Eighth Circuit's disposition of defendant Aegon Direct Marketing Services, Inc.'s appeal of this Court's March 1, 2007 Order.

**IT IS FURTHER ORDERED** that the Rule 16 scheduling conference set in this matter for May 1, 2007 is vacated, to be reset in the future, if appropriate.

                                                                                                                   */s/ Charles A. Shaw*
                                                                                                                    **CHARLES A. SHAW**
                                                                                                                    **UNITED STATES DISTRICT JUDGE**

Dated this __3rd__ day of April, 2007.