**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EXPRESS SCRIPTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1410 CAS |
| ) | |
| AEGON DIRECT MARKETING ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is defendant Aegon Direct Marketing Services, Inc.'s ("Aegon") second motion to stay the above-captioned cause of action pending arbitration. Plaintiff Express Scripts, Inc. ("ESI") opposes the motion. Finding defendant's motion to be premature and better-suited for a motion for summary judgment, the motion will be denied.

As background, in 1995, Aegon's and ESI's predecessors-in-interest negotiated and entered into a contract (the 1995 Agreement) under which ESI's predecessor, Diversified Pharmaceutical Services, Inc., agreed to provide pharmacy benefit management services to Aegon's predecessor, Monumental General Insurance Group. The 1995 Agreement contained a clause which stated that any disputes that could not be resolved through good faith negotiations, would be resolved by binding arbitration. According to plaintiff's amended complaint, in 2000, the parties began negotiating a new pharmaceutical sales agreement. ESI avers that the parties orally agreed to a new contract (the 2000 Agreement), and that they operated under its terms and pricing structure beginning June 1, 2000. ESI alleges that the 2000 Agreement does not include an arbitration clause, and that the parties intended that any disputes that arose which the parties were unable to resolve would be decided through

litigation. ESI claims the 2000 Agreement supersedes all preceding agreements, including the 1995 Agreement.

In 2005, following an audit, a dispute arose between the parties. Ageon claimed ESI had overbilled it by approximately $5 million. On September 8, 2006, following a demand that was rejected, Aegon filed for arbitration with the American Arbitration Association ("AAA"), attaching a copy of the arbitration clause contained in the 1995 Agreement. ESI responded by filing this declaratory judgment action in state court on September 22, 2006. ESI alleged in its petition that the 2000 Agreement, which contains no arbitration provision, superceded the 1995 Agreement, and the billing dispute was not to be decided in arbitration. Aegon removed the case to federal court on October 10, 2006, and moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or to stay the case pending arbitration pursuant to 9 U.S.C. § 3. Aegon argued that the 2000 Agreement never went into effect, and that the 1995 Agreement, which contains an arbitration clause, is the only contract between the parties.

On February 8, 2007, Aegon requested that the AAA move forward with arbitration, and on February 28, 2007, ESI filed a motion for a temporary restraining order to enjoin the arbitration. A hearing was held in this Court on March 1, 2007. Following arguments by the parties, the Court denied Aegon's motion to dismiss or for a stay, and denied ESI's motion for a temporary restraining order as moot. The Court found that the issue of arbitriability was for the Court to decide, not the arbitrator, and nothing in the 1995 Agreement provided clear, unmistakable evidence that the parties had agreed to arbitrate the issues of whether a subsequent agreement superseded the original contract or whether a billing dispute would be subject to arbitration.

Aegon appealed the Court's decision to the Eighth Circuit. This Court's order was affirmed on April 3, 2008. Aegon has since answered ESI's amended complaint, and it filed a counterclaim for damages based on ESI's alleged over-billing in breech of the 1995 Agreement. Ageon also included in its counterclaim two counts for declaratory judgment– one in which it asks the Court to rule that the 1995 Agreement was not terminated and that the billing dispute is subject to arbitration (Count II), and another in which it asks the Court to find the parties never entered into the alleged 2000 Agreement (Count III).

On June 18, 2008, the parties filed with the Court a proposed scheduling plan, in which they represented that Track 2 was an appropriate track assignment. In their proposed scheduling plan, the parties did not request expedited or bifurcated discovery. On July 3, 2008, the parties' proposed scheduling plan was substantially adopted by the Court. In October 2008, the parties moved to extend the discovery and dispositive motions deadlines in the case. The Court granted the parties' motion. Discovery is set to close on May 1, 2009, and the dispositive motion deadline is May 15, 2009.

Now, after conducting some discovery, Aegon once again moves that the Court stay these proceedings pending arbitration. For the basis of its motion, Aegon cites to, among other things, the deposition transcript of Dolores Olmos, an ESI employee, and the affidavit of John Goranowski, a former Aegon employee. Aegon argues this evidence definitively shows that the parties did not enter into the alleged 2000 Agreement. ESI argues in its response that the ultimate issue in this case cannot be decided at this juncture because the parties have not completed the necessary discovery. For example, ESI states it has yet to depose Mr. Goranowski, and Ms. Olmos deposition is not yet complete.

Aegon's renewed motion to stay goes to the very heart of the merits of this case – whether the alleged 2000 Agreement superceded the 1995 Agreement between the parties. Based on the memoranda in support and in opposition to the motion to stay, the Court agrees that it would appear defendant's motion is premature and more discovery is needed. The Court also notes that defendant's motion to stay, which addresses the merits of the parties claims, would be better-suited as a motion for summary judgment accompanied by a statement of undisputed facts.

Accordingly,

**IT IS HEREBY ORDERED** that Aegon Direct Marketing Services, Inc.'s motion to stay is **DENIED**, without prejudice. [Doc. 63]

**IT IS FURTHER ORDERED** that Aegon Direct Marketing Services Inc.'s request for oral argument on its motion to stay is **DENIED** as moot. [Doc. 66]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of December, 2008.