UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EXPRESS SCRIPTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1410 CAS |
| ) | |
| AEGON DIRECT MARKETING ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is defendant Aegon Direct Marketing Services, Inc.'s ("Aegon") third motion to stay the above-captioned cause of action pending arbitration. Plaintiff Express Scripts, Inc. ("ESI") opposes the motion. For the following reasons, Aegon's motion will be granted.

**I.  Background**

The underlying dispute between the parties involves a billing dispute. In 1995, Aegon's and ESI's predecessors-in-interest negotiated and entered into a contract (the 1995 Agreement) under which ESI's predecessor, Diversified Pharmaceutical Services, Inc., agreed to provide pharmacy benefit management services to Aegon's predecessor, Monumental General Insurance Group. The 1995 Agreement contained an arbitration provision, which states:

> If any dispute relating to this Agreement arises between Diversified and Contract which cannot be resolved through good faith negotiations, the dispute shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association.

1995 Agreement at 10, ¶9.5.

Aegon contends ESI breached the terms of the 1995 Agreement, and on September 8, 2006, Aegon filed an arbitration demand with the American Arbitration Association ("AAA") and attached

a copy of the arbitration clause contained in the agreement. At time, Rule 7 of the AAA, which became effective September 15, 2005, provided that:

> (a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement; [and]
>
> (b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

AAA Commercial Arbitration Rules & Mediation Procedures.

ESI responded to Aegon's arbitration demand by filing this declaratory judgment action in state court. ESI alleged in its petition that in 2000 the parties had orally entered into a new pharmaceutical sales agreement ("the 2000 Agreement"), which superceded the 1995 Agreement. According to ESI, and the 2000 Agreement did not contain an arbitration provision and, therefore, the billing dispute was not subject to arbitration.

Aegon removed the case to this Court on October 10, 2006, and moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or to stay the case pending arbitration pursuant to 9 U.S.C. § 3. Aegon argued the parties never entered into 2000 Agreement, and that the 1995 Agreement, which contains an arbitration clause, is the only contract between the parties.

On February 8, 2007, Aegon requested that the AAA move forward with arbitration, and on February 28, 2007, ESI filed a motion for a temporary restraining order to enjoin the arbitration. Following oral argument, the Court denied Aegon's motion to dismiss or for a stay, and denied ESI's motion for a temporary restraining order as moot. The Court found that the issue of arbitrability was to be decided by the Court, not the arbitrator, and nothing in the 1995 Agreement provided clear, unmistakable evidence that the parties had agreed to arbitrate the issues arbitrability. At the time,

Aegon did not raise the argument that the incorporation of the AAA Rules into the 1995 Agreement – one of which expressly gives the arbitrator the authority to determine his or her own jurisdiction – demonstrates that the parties intended the issue of arbitrability to be arbitrated.

Aegon appealed the Court's decision to the Eighth Circuit. This Court's order was affirmed on April 3, 2008. The Eighth Circuit held, "[b]ecause the 1995 Agreement does not include an express statement of the parties' intent to arbitrate questions of arbitrability, the district court did not err in concluding that the arbitrability issue must be resolved by a court in the same manner that any other dispute between the parties which they had not specifically agreed to arbitrate would be resolved." Express Scripts, Inc. v. Aegon Direct Mktg. Servs., 516 F.3d 695, 701 (8th Cir. 2008).

In its written opinion, the Eighth Circuit noted that Aegon asserted during oral argument that the parties' incorporation of the AAA Rules into the 1995 Agreement was clear, unmistakable evidence of their intent to arbitrate the issue of arbitrability. Id. The Eighth Circuit declined to address the issue, however, and wrote, "[b]ecause Aegon failed fully to discuss this contention in the district court or in its appeal briefs and because our circuit has never directly addressed the effect of the AAA jurisdictional rule on arbitrability disputes, Aegon's argument is waived and we decline to address it today." Id. (internal citations omitted).

On remand from the Eighth Circuit, the parties requested and were granted a Track 2 assignment. The parties did not request expedited or bifurcated discovery. After conducting some discovery, on October 23, 2008, Aegon moved that the Court stay these proceedings pending arbitration. As the basis for its motion, Aegon argued evidence uncovered during discovery definitively showed that the parties did not enter into the alleged 2000 Agreement. Aegon also argued that the parties' incorporation of the AAA rules into the 1995 Agreement was clear, unmistakable evidence of their intent to arbitrate the issue of arbitrability. In its response, ESI argued

3

that discovery was ongoing and Aegon's motion was premature. More specifically, ESI noted, for example, that it had yet to complete the deposition of a witness that provided, at least in part, the basis for Aegon's motion. On December 2, 2008, the Court denied Aegon's motion to stay without prejudice on the basis that it appeared the motion was premature because necessary discovery was ongoing.

On February 13, 2009, Aegon filed a third motion to stay, which is currently before the Court. Again Aegon argued as the basis for its motion that evidence provided in discovery clearly demonstrates that the parties neither terminated the 1995 Agreement nor entered into the 2000 Agreement, as ESI has alleged. Aegon also argued that the parties' incorporation of the AAA rules into the 1995 Agreement clearly shows the parties intended to arbitrate the issue of arbitrability. ESI filed an opposition brief to the motion to stay on February 25, 2009, and Aegon filed a reply memorandum on March 9, 2009.

On March 24, 2009, the Eighth Circuit handed down its decision in Fallo v. High-Tech Institute, No. 08-2437, 2009 WL 749809 (8th Cir. Mar. 24, 2009). In Fallo the Eighth Circuit addressed for the first time the effect of the AAA jurisdictional rule on arbitrability disputes. The court held that "incorporation of the AAA Rules [and more particularly AAA Rule 7], . . . constitutes a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator," and not the district court. Id. at *5.

Aegon brought the Fallo case to the Court's attention in a motion for leave to file a surresponse. In its proposed surresponse, Aegon argued that the Fallo case is controlling and because the 1995 Agreement expressly incorporates the AAA Rules, there is clear and unmistakable evidence that the parties intended to leave the question of arbitrability to the arbitrator, and the case must be stayed pending arbitration. ESI moved to file a reply to Aegon's surresponse, and Aegon moved to

4

file a surreply. In its reply to Aegon surresponse, ESI neither addressed the merits of Fallo nor whether it applied to the circumstances of this case. Rather, ESI argued that Aegon has waived the argument. According to ESI, this Court may not address the effect of the parties' incorporation of the AAA Rules because the Eighth Circuit ruled that Aegon waived the argument, which is now law of the case.

**II.     Discussion**

Fallo v. High-Tech Institute squarely holds that the parties' incorporation of the AAA Rules into an arbitration agreement provides clear and unmistakable evidence, as required by AT & T Technologies., Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986), that the parties intended to leave the question of arbitrability to the arbitrator, not the court. 2009 WL 749809, at *5. It is undisputed that the 1995 Agreement, which Aegon alleges ESI breached, not only contains an arbitration clause, but it incorporates the AAA Rules. Thus, this Court finds that Fallo is on point, and the parties clearly and unmistakably intended, through the incorporation of the AAA Rules in the 1995 Agreement, that an arbitrator would determine the issue of arbitrability.[1]

As for ESI's argument that the law of the case doctrine bars the application of Fallo to this case, ESI has missed the mark. The Eight Circuit has noted that "[t]he law of the case doctrine has been described as a means to prevent the relitigation of a settled issue in a case. The doctrine 'requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.' In other words, the doctrine 'posits that when a court decides upon a rule of law, that decision should continue to

---

[1]ESI provided no argument in response to Aegon's motion to stay as to what impact the alleged 2000 Agreement, which it maintains did not have an arbitration provision, would have on the application of Fallo to the circumstances of this case.

5

govern the same issues in subsequent stages in the same case.'" Gander Mountain Co. v. Cabela's, Inc., 540 F.3d 827, 830 (8th Cir. 2008) (quoting United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) and United States v. Carter, 490 F.3d 641, 644 (8th Cir. 2007)). "The doctrine applies to decisions made by appellate courts and final decisions made by district courts that have not been appealed. . . . The doctrine does not apply to interlocutory orders." Id. (citing to First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d 616, 620 (8th Cir.2007)).

The law of the case doctrine does not apply here because Aegon's appeal was an interlocutory appeal, and the Eighth Circuit did not issue a legal ruling addressing whether the parties' incorporation of the AAA Rules in the 1995 Agreement was determinative on the issue of arbitrability. Carter, 490 F.3d at 645; American Home Assur. Co. v. Pope, 487 F.3d 590, 601 (8th Cir. 2007). As the Eighth Circuit noted in its opinion, that issue was not before the court. Express Scripts, 516 F.3d at 701. Furthermore, the law-of-the-case doctrine does not apply because there has been an intervening decision of a higher tribunal that is controlling on the issue of arbitrability. Madison v. IBP, Inc., 330 F.3d 1051, 1059 (8th Cir. 2003); Morris v. American Nat'l Can Corp., 988 F.2d 50 (8th Cir. 1993).

In sum, the Court finds Fallo v. High-Tech Institute is controlling precedent, and because there is evidence that the parties clearly intended that the issue of arbitrability be decided by an arbitrator, through their incorporation of the AAA Rules into the 1995 Agreement, this case must be stayed pending arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Aegon Direct Marketing Services, Inc.'s Third Motion to Stay is **GRANTED**. [Doc. 133] Further action in the present case is **STAYED** pending arbitration.

**IT IS FURTHER ORDERED** that the parties shall notify the Court in writing of any significant decisions by the arbitrator, including but limited to, any decision regarding whether or not this case should be arbitrated. The parties shall notify the Court within ten (10) days of any such decisions.

**IT IS FURTHER ORDERED** that Aegon Direct Marketing Services, Inc.'s Motion for Leave to File Under Seal its Reply Memorandum in Support of its Motion to Stay [Doc. 151]; Aegon Direct Marketing Services, Inc.'s Motion for Leave to File Surresponse in Support of Motion to Stay [Doc. 160]; Express Scripts, Inc.'s Motion for Leave to File a Reply to Aegon's Surresponse in Support of its Motion to Stay [Doc. 163]; and Aegon Direct Marketing Services, Inc.'s Motion for Leave to File Sur-Reply in Support of it Motion to Stay [Doc. 167] are **GRANTED.**

**IT IS FURTHER ORDERED** that Aegon Direct Marketing Services, Inc.'s Motion for a Hearing on its Motion to Stay [Doc. 136]; Express Scripts, Inc.'s Motion to Compel [Doc. 156]; Aegon Direct Marketing Services, Inc.'s Motion for a Protective Order [Doc. 170]; and Express Scripts, Inc.'s Motion for Leave to Set an Emergency Hearing, or in the alternative, to Obtain Emergency Relief [Doc. 174] are **DENIED as moot.**

                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this   15th   day of April, 2009.